PER CURIAM.
In order to effect an orderly transition of the courts under the newly adopted judicial amendment to the Constitution of Florida (Article V), F.S.A., it is necessary to promulgate certain temporary rules as an emergency matter. The appended Transition Rules are hereby adopted effective immediately.
It is so ordered.
*666 ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
TRANSITION RULE 2. AUDIT OF CASES PENDING PRIOR TO EFFECTIVE DATE OF ARTICLE V REVISION.
After January 1, 1973, but before January 31, 1973, the clerk of the circuit court, and the clerk of the county court where that separate office exists, and their respective deputies, shall prepare an audit of all cases that were pending in all courts within the county as of December 31, 1972.
A separate report shall be submitted for each court in existence December 31, 1972, without regard to whether the court continues in existence after January 1, 1973. Each report is to include the following information: (1) official case number assigned as of December 31, 1972; (2) year in which filed; (3) whether the case is classified as civil, probate (includes incompetency and guardianship), juvenile or criminal; (4) the name of the court having jurisdiction of the case after January 1, 1973.
These reports are to be submitted in the exact format provided in the Forms Approved For Use With Transition Rule 2 which have been published in conjunction with this rule.
The completed forms shall be mailed not later than January 31, 1973, to: Audit Forms, Office of the State Court Administrator, Supreme Court Building, Tallahassee, Florida 32304.
NOTE: The purpose of this rule is twofold: first, to assist in accounting for cases transferred from abolished courts; second, to establish the caseload pending in the circuit and county courts as of the effective date of the revision.
FORMS APPROVED FOR USE WITH TRANSITION RULE 2
(a) Forms for use in complying with Transition Rule 2 shall be reproduced locally on legal size typewriter paper in compliance with the model set forth in (d) below.
(b) A separate audit report shall be submitted for each court in existence December 31, 1972 (before the effective date of the Article V revision), including circuit courts, county and county judges courts, courts of record, juvenile courts, small claims courts, magistrates and justice of the peace courts. Municipal courts shall not be audited.
(c) In order to secure an accurate accounting of the kinds of cases pending December 31, 1972, and an accurate accounting of where those cases are assigned jurisdictionally after January 1, 1973 (when the revision of Article V becomes effective), clerks will divide all cases pending December 31, 1972, into categories by type and by jurisdiction after revision.
There are six possible post-revision categories : civil cases which will be heard in circuit court; criminal cases which will be heard in circuit court; juvenile cases which will be heard in circuit court; probate cases (includes incompetency and guardianship) which will be heard in circuit court; civil cases which will be heard in county court; and, criminal cases which will be heard in county court.
For ease of identification, these post-revision catagories shall be referred to on the audit forms as: Circuit-Civil; Circuit-Criminal ; Circuit-Juvenile; Circuit-Probate; County-Civil; and, County-Criminal.
(d)Methodology. The clerk shall prepare a separate audit report for each court in existence as of December 31, 1972, prior to the revision of Article V, including the circuit and county courts. The cases pend *667 ing in each separate court shall he divided into the six post-revision catagories as appropriate. The cases will then be reported on this form:
(Sample page)

(e) A facing sheet shall be prepared for each separate court audited, providing the following information: (1) the name of the court audited; (2) the total number of cases in each appropriate post-revision catagory; (3) the total number of all cases pending in the court audited as of December 31, 1972; (4) the name, title, business address, and telephone number of the person preparing the audit report.
(f) All inquiries regarding this audit shall be directed to: Office of the State Courts Administrator, Supreme Court Building, Tallahassee, Florida 32304.
TRANSITION RULE 3. REFERENCES TO ABOLISHED COURTS.
(1) In the Rules of Court promulgated by this Court and in the Florida Statutes, all references to the juvenile court, probate court, or other court which court’s function has been vested in the circuit court by Florida Constitution, Rev. Article V, effective January 1, 1973, shall be deemed to refer to the circuit court effective January 1, 1973.
(2) In the Rules of Court promulgated by this Court and in the Florida Statutes, all references to the claims court, small claims court, small claims magistrates court, justice of the peace court, court of chartered counties, or other court which court’s function has been vested in the county court by Florida Constitution, Rev. Article V, effective January 1, 1973, shall be deemed to refer to the county court as of January 1, 1973.
TRANSITION RULE 4. TRANSFER OF FILES.
(1) The clerks of the several trial courts of Florida, except as noted in subsection (8) below, shall, on or before January 2, 1973, transfer to the appropriate circuit court all cases pending before such trial courts, including all cases on appeal therefrom, as are within the jurisdiction of the circuit courts of this State pursuant to Florida constitution, Rev. Article V, effective January 1, 1973. The physical possession of the files of all such cases shall be delivered to the clerk of such circuit court. All files of all terminated cases, and all docket sheets, minute books, index books, and all other records and papers and proceedings of every kind whatsoever pertaining to all cases filed in such trial court, whether terminated or pending on January 1, 1973, shall be transferred to, and possession thereof delivered to, the clerk of the circuit court of the appropriate circuit.
*668 (2) The clerks of the several trial courts of Florida, except as noted in subsection (8) below, shall, on or before January 2, 1973, transfer to the appropriate county court all cases pending before such trial courts, including all cases on appeal therefrom, as are within the jurisdiction of the county courts of this State pursuant to Florida Constitution, Rev. Article V, effective January 1, 1973. The physical possession of the files of all such cases shall be delivered to the clerk of the appropriate circuit court or to the clerk of the appropriate county court where such clerk is authorized by general law pursuant to Florida Constitution, Rev. Article V, effective January 1, 1973.
(3) It shall not be necessary for the clerk of the circuit court or of the county court to redocket such cases as shall be transferred to said court pursuant to this rule, but the docket sheets, docket books, and other records which are transferred and delivered to said court shall be maintained, and appropriate entries shall be made in the same manner as entries are made pertaining to cases initially filed and docketed in said circuit court or county court.
(4) Neither praecipe nor certificate shall be required in any terminated case transferred and delivered to the clerk of the circuit court or of the county court unless such case be then on appeal. In each pending case which is transferred, and in each case which is then on appeal, the transferring clerk shall file a certificate signed by such clerk reciting that the case is being transferred in accordance with the requirement of this rule. The clerk of the circuit court or of the county court to which such cases are transferred and delivered shall file in the file of any case which is terminated when transferred, but in which any subsequent action is taken, whether by appeal or otherwise, a certificate that such case was transferred to such court in accordance with this rule.
(5) All pleadings in any case transferred pursuant to this rule and made subsequent to such transfer shall set forth in the caption the name of the circuit or county court to which transferred, but may retain the case number originally assigned when the case was initially filed and docketed.
(6) From and after the transfer and delivery of the files and other records, the clerk of the circuit court or of the county court to which the transfer is made shall retain custody thereof and be responsible therefor in the same manner as the files initially filed in such court.
(7) The clerk of the court to which such cases are transferred shall not require payment of an additional filing fee.
(8) Nothing in this rule shall be applied to any municipal court of the State which retains its jurisdiction beyond January 1, 1973,. pursuant to Florida Constitution, Rev. Article V effective January 1, 1973, until such time as said municipal court is abolished pursuant to the Laws of Florida. At such time as a municipal court is abolished, the clerk of said municipal court shall transfer all files and records of such court to the appropriate circuit court and/or county court in accordance with the procedure set forth in the other subsections of this rule.
TRANSITION RULE 5. CASE DISPOSITION REPORTING RULES RELATING TO UNIFORM CASE REPORTING SYSTEM.
(a) Reporting. The clerk of the circuit court shall report the activity of all cases before all courts within his jurisdiction to the Supreme Court of Florida in the manner and on the forms established by the office of the State courts administrator and approved by order of the Court. In those jurisdictions where separate offices of the clerk of the circuit court and clerk of the county court have been established by law, it shall be the duty of the clerk of the circuit court to report the activity of all cases before the circuit court, and it shall be the duty of the clerk of the county court to report the activity of all cases before the county court.
*669 (b) Uniform Case Numbering System.
(1) The clerk of the circuit court and the clerk of the county court, where that separate office exists, shall utilize the Uniform Case Numbering System. The uniform case number shall appear upon the case file, the docket and minute books, and upon the case reporting forms as issued by the office of the State courts administrator.
(2) The office of the State courts administrator shall distribute to the respective clerks of the circuit and county courts appropriate instructions regarding the nature and use of the Uniform Case Numbering System.
(c) Major Statutory Offense. The state attorney or his designate shall inscribe on the top of the face of each accusatory instrument filed by him, or which has been prepared with his advice and consent, the exact statute number of the single most serious crime appearing in the accusatory instrument. If the accusatory instrument contains two or more counts charging the same degree of crime, he shall select that count, which in his view is the most serious crime against the public welfare. He shall designate whether the crime set forth at the top of the face of the accusatory instrument is a felony or a misdemeanor.
(d) Ordinance Violations. In those cases where the State attorney has the responsibility for the prosecution of county or municipal ordinance violations, where such ordinances have State statutory equivalents, the state attorney or his designate shall set forth at the top of the face of the accusatory instrument the exact statute number of the single most serious offense charged.
(e) Information or Indictment After County Court Proceedings Begun. When action in a criminal case has been initiated in county court, and subsequently the state attorney files a direct information, or the grand jury indicts the defendant, the state attorney or his designate shall so notify the clerk without delay.
(f)Statutory Conviction Information. The judge presiding at the trial of a criminal defendant, or accepting the guilty plea of a criminal defendant, shall assist the clerk in determining the most serious crime to which the defendant plead guilty or was convicted, and shall assist the clerk in designating the exact statute number of that crime.
NOTE: The purpose of this rule is to uniformly standardize case disposition reporting for all cases, and to secure accurate disposition information in criminal cases.
TRANSITION RULE 6. TRANSITION MORATORIUM.
The chief judges of the circuit courts are hereby authorized to declare a moratorium, at their discretion, of all nonessential activity in the courts and clerk’s offices under their jurisdiction from December 26 through December 29, 1972, for the purpose of preparing for the transition of courts.